```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
YOELIN CARPIO,

                Plaintiff,

          - against -

DAVID L. CAPLAN and STEPHEN B.
CAPLAN,

                Defendants.
--------------------------------X
```
                                            **ORDER**

                                        25 Civ. 639 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    **WHEREAS** on January 22, 2025, plaintiff filed the instant action, ECF No. 1; and

    **WHEREAS** on February 11, 2025, this Court ordered plaintiff to show cause as to why this action should not be transferred to the United States District Court for the District of New Jersey or the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), ECF No. 7; and

    **WHEREAS** plaintiff filed a two-page letter response on February 17, 2025 which concedes that New Jersey may be "a more appropriate venue" and Pennsylvania may be a "more palatable jurisdiction," but asserts, without citation to any caselaw, that "New York is most definitely the proper venue to adjudicate this matter, otherwise, the plaintiff will be unduly prejudiced, adding insult to injury," ECF No. 8 at 1, 2; and

**WHEREAS** defendants entered a limited appearance in this action and filed a letter requesting dismissal pursuant to FRCP 12(b)(2) for lack of personal jurisdiction or, in the alternative, transfer of this action to the United States District Court for the Eastern District of Pennsylvania, ECF No. 9; and

**WHEREAS** plaintiff filed a response to defendants' letter, which failed to substantively challenge defendants' position on personal jurisdiction or defendants' request to transfer this action to the United States District Court for the Eastern District of Pennsylvania, ECF No. 11; and

**WHEREAS** defendants filed a supplemental letter, repeating their request that this action be dismissed for lack of personal jurisdiction or, in the alternative, be transferred to the United States District Court for the Eastern District of Pennsylvania, ECF No. 13; and

**WHEREAS** plaintiff filed a response to defendants' supplemental letter, which again failed to support venue in this Court, ECF No. 14; and

**WHEREAS** transfer pursuant to 28 U.S.C. § 1404(a) is appropriate if (1) "the action could have been brought in the proposed transferee forum, and, if so, (2) . . . the transfer would promote the convenience of parties and witnesses and would be in the interests of justice," Delacruz v. Giermak, No. 21 Civ. 3877

2

(ALC) (OTW), 2021 WL 5871424, at *2 (S.D.N.Y. Nov. 12, 2021) (citation and quotation marks omitted); and

**WHEREAS** all defendants are alleged to be residents of Elkins Park, Pennsylvania, ECF No. 3 ¶¶ 2-3, supporting the proposition that this action could have been brought in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1); and

**WHEREAS** all or substantially all of the events giving rise to the complaint did not occur in New York, ECF No. 3 ¶ 4; and

**WHEREAS** the Court has weighed the totality of circumstances and determined that transfer to the United States District Court for the Eastern District of Pennsylvania is in the interest of justice; it is hereby

**ORDERED** that the Clerk of Court transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Dated:    New York, New York
          March 5, 2025

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE